UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COBBLER NEVADA, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>ANTHONY INGLESIAS,<br><br>   Defendant. | Case No. 15-cv-05313-EDL<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ENTER JUDGMENT; ORDER REASSIGNING CASE** |

Before the Court is Plaintiff Cobbler Nevada LLC's ("Plaintiff") motion for default judgment in a copyright infringement case against Defendant Anthony Inglesias ("Defendant"). For the reasons discussed below, the Court recommends that Plaintiff's motion be GRANTED. The case is hereby reassigned to a District Judge.

**I.   BACKGROUND**

Plaintiff alleges that it is the owner of the copyright to The Cobbler, a motion picture released in theaters in March 2015, and that Defendant illegally downloaded and distributed The Cobbler. Plaintiff originally sued a Doe defendant identified only by IP address. The Court then granted Plaintiff's motion for leave to serve Rule 45 subpoenas on Comcast Cable, which identified Defendant as the internet subscribers associated with the IP address. The Court thereafter granted Plaintiff's request to conduct deposition by written questions pursuant to Rule 31 to confirm that Defendant was the alleged infringer. Plaintiff served Defendant with written questions on May 3, 2016, but Defendant failed to respond by the June 3, 2016 deadline.

On July 13, 2016, Plaintiff filed an amended complaint, naming Anthony Iglesias as Defendant. Dkt. 33. It filed the certificate of service on August 15, 2016, Dkt. 36, which shows that a process server named Clarence E. Randolph served Defendant on July 19, 2016 at 5:57 p.m.

by leaving the summons at Defendant's residence or usual place of abode with a Jane Doe (approximately 60 years old) who refused to identify herself. See Fed. R. Civ. P. 4(e)(2)(B) (authorizing service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). Defendant's responsive pleading was due 21 days from July 19, 2016, or August 9, 2016. See Fed. R. Civ. P. 12(a)(1). He did not file by the deadline.

On August 31, 2016, Plaintiff filed a notice of intent to default. Dkt. 37. The notice stated that Defendant had been served but not appeared, and that if he did not appear, Plaintiff would seek a default; the notice also attached the certificate of service of the notice. On September 30, 2016, Plaintiff filed a motion for an order of default with the clerk, and the clerk entered default on October 5, 2016. Dkt. 39. On October 27, 2016, Plaintiff filed the present motion for default judgment. Dkt. 40. Plaintiff served the motion and attachments on Defendant by mail on that same date. See Dkt. 40-4. Defendant's opposition was due on November 10, 2016, and Plaintiff's reply was due on November 17, 2016, but neither was filed.

## II.   LEGAL STANDARD

After entry of a default, a court may grant a default judgment on the merits of the case. See Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). As a preliminary matter, "the Court must assess the adequacy of the service of process on the party against whom default judgment is requested." Disney Enterprises, Inc. v. Vuong Tran, No. 12-5030 SC, 2013 WL 1832563, at *1 (N.D. Cal. May 1, 2013). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). In considering the above factors, the Court must take all factual allegations in Plaintiff's complaint as true, except for those relating to

2

damages. See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.1987).

## III. DISCUSSION

### A. Procedural Requirements

Before the Court may consider whether to exercise its discretion to enter default judgment, it must be satisfied that the procedural prerequisites, including adequate service of process, have been met. See, e.g., PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Here, Plaintiff properly served Defendant on July 19, 2016 by leaving a copy of the summons and complaint at his usual place of abode with someone of suitable age and discretion who resides there. Dkt. 36; see also Fed. R. Civ. P. 4(e)(2)(B). Further, Plaintiff served Defendant with its motion for default judgment on October 27, 2016. Dkt. 40-4; see also Fed. R. Civ. P. 5(b)(2)(C). Defendant did not respond to the original service or the present motion.

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1). There is no indication in the record that Defendant falls into any of these categories, and Plaintiff's motions for default judgment and accompanying declarations state that, upon information and belief, neither defendant is an active member of the military (although Plaintiff does not know Defendant's dates of birth and social security numbers, so cannot confirm). Because Defendant is a resident of Antioch, CA, the Court has personal jurisdiction over him.

### B. Eitel Factors

#### 1. Prejudice Against Plaintiff

The first factor considers the possibility of prejudice against the plaintiff if default judgment is not entered. Because Plaintiff may be without recourse for recovery if default judgment is not entered, this factor weighs in favor of default judgment. See J & J Sports Prods., Inc. v. Leger, No. 13-CV-02071-SC, 2013 WL 6492114, at *2 (N.D. Cal. Dec. 10, 2013).

#### 2. Plaintiff's Allegations State a Claim

The second and third Eitel factors require that a plaintiff's allegations state a claim upon which it can recover. Here, Plaintiff requests default judgment on its copyright claims, and thus must state a claim for copyright infringement. To do so, it must establish ownership of a valid

copyright and unauthorized copying and distribution by Defendant. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990).

Plaintiff alleges that it is the exclusive owner of the copyrighted work, Registration No. Pau 3-744-688, 2014, under the Copyright Act. First Amended Complaint ("FAC") ¶¶ 5-9. It also alleges that its investigator, through direct TCP/IP connection with Defendant's computer, observed Defendant regularly distributing Plaintiff's copyrighted work over the course of several months using the Bit Torrent network. FAC ¶¶ 11-13. Plaintiff alleges that Defendant, without Plaintiff's permission or consent, copied and distributed Plaintiff's copyrighted work. FAC ¶¶ 25-29. Accordingly, Plaintiff's allegations state a claim for copyright infringement.

### 3. The Amount of Money at Stake

As to the fourth Eitel factor, the Court must consider "the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. Requests for large sums of money generally counsel against entry of default judgment. Eitel, 782 F.2d at 1472. "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." Truong Giang Corp. v. Twinstar Tea Corp., No. 06–CV–03594, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

In its motion for default judgment, Plaintiff asks for $10,000 in statutory damages from each defendant. This would probably impose a substantial burden on Defendant, who is an individual; however, as discussed below, the Court recommends adjusting Plaintiff's requested damages to $750, which weighs in favor of default judgment.

### 4. Likelihood of Dispute over Material Facts

The fifth Eitel factor considers whether the material facts of the instant case are reasonably likely to be subject to dispute. Here, the main material fact that might be in dispute is the association between the infringing IP address and Defendant. As discussed above, Plaintiff identified Defendant as the individual associated with the infringing IP address by subpoenaing Comcast Cable for this information. Prior to amending its complaint to add Defendant, Plaintiff attempted to serve him with deposition by written questions in order to confirm that he was the

4

infringer.

Plaintiff was ultimately required to seek leave to serve Defendant with the written questions by certified mail. Dkt. 29. It filed a declaration demonstrating that, on five occasions, its process server went to Defendant's last known address and was unable to complete personal service, either because no one answered the door or because Defendant was not there or was otherwise "unavailable." Dkt. 29-2 ¶ 6. On one occasion, the process server saw "someone continuously look[ing] through the blinds" and overhead "male voices in the house talking, saying don't answer the door." Id.

Accordingly, although there is some likelihood of dispute over the infringer's identity, it is not clear what more Plaintiff could have done in order to resolve this dispute. Plaintiff's motion should not be denied on this basis.

### 5. Excusable Neglect

For the sixth Eitel factor, there is no support for finding that Defendant's default is due to excusable neglect. Defendant was served with the Complaint and Summons in this action over four months ago and has yet to enter an appearance. Plaintiff also served Defendant with the motion for entry of default judgment and accompanying papers. In such circumstances, default cannot be attributed to excusable neglect. See Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). This factor supports entry of default judgment.

### 6. Policy Favoring Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, this policy is not dispositive, and "Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." PepsiCo, 238 F.Supp.2d at 11. Termination of a case before hearing the merits is allowed when a defendant fails to defend an action. Id. Therefore, in this case, this factor does not weigh against default judgment.

### 7. Summary of Eitel Factors

Considered together, the Eitel factors favor entry of default judgment.

### C. Remedies

#### 1. Injunctive Relief

Plaintiff alleges that Defendant continues to illegally copy and distribute its copyrighted work through Bit Torrent. Defendant's failure to respond to the suit, alongside Plaintiff's pleadings, suggests that Defendant's infringing activities will not cease absent judicial intervention. See, e.g., Jackson v. Sturkie, 255 F.Supp.2d 1096, 1103 (N.D. Cal. 2003). In such circumstances, the Court is authorized to issue a permanent injunction to prevent or restrain further infringements. See 17 U.S.C. § 502(a); Sega Enters. Ltd. v. MAPHIA, 948 F. Supp. 923, 940 (N.D. Cal.1996) ("Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.").

#### 2. Damages

Pursuant to Section 504(a) of the Copyright Act, an infringer is liable for either the plaintiff's actual or statutory damages. See 17 U.S.C. § 504(a). If a plaintiff chooses to recover statutory damages, he need not prove actual damages. See Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir.1997) (citation omitted). "[S]tatutory damages are to be calculated according to the number of works infringed, not the number of infringements." Synopsys, Inc. v. ATopTech, Inc., No. C-13-02965-MMC (DMR), 2015 WL 1197705, at *3 (N.D. Cal. Mar. 16, 2015) (citation omitted). A plaintiff may recover between $750 and $30,000 in statutory damages per infringed work. 17 U.S.C. § 504(c).

When awarding statutory damages, the Court has broad discretion within the range provided by statute. "In determining a proper statutory damages award, courts generally consider the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiff as a result of the defendants' conduct, and the infringers' state of mind." Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008). If "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2). Allegations of willfulness are deemed to be true on default. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

6

Here, Plaintiff alleges that Defendant willfully infringed one copyrighted work, and the Court must take these allegations as true. See TeleVideo Systems, Inc., 826 F.2d at 917-18. Accordingly, available statutory damages range from $750 to $150,000. Plaintiff maintains that the Court should award at least $10,000 in order to deter Defendant and the general public from both infringing Plaintiff's copyrights, as well as ignoring court proceedings. However, courts in this Circuit have held that $750 in statutory damages "is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network." Glacier Films (USA), Inc. v. Gallatin, No. 3:15–cv–01632–SB, 2016 WL 3148401, at *3 (D. Or. May 12, 2016), report and recommendation adopted, No. 3:15-CV-01632-SB, 2016 WL 3176583 (D. Or. June 2, 2016). "With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally." Id.

Moreover, statutory damages are intended to deter copyright infringement, not default. There are many reasons why an individual might choose not to defend against a BitTorrent copyright infringement actions, including indigence. See id. "[S]ome individuals may choose to default merely due to the cost of federal court litigation, not for any nefarious reason that would support the award of enhanced statutory damages." Id. Accordingly, the Court finds that an award of $750 in statutory damages is proper.

Because the Court awards minimum statutory damages, it need not hold an evidentiary hearing. A hearing is required when the damages claimed are not capable of mathematical determination. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981); see also Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages"). Here, a hearing would serve no constructive purpose because Defendant, through his default, admitted infringing Plaintiff's copyrighted work, thus rendering him liable for no less than $750 in statutory damages. See Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (awarding minimum statutory damages without a hearing in copyright infringement case); cf. Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59 (1st Cir. 2002) (distinct court did not abuse discretion by awarding statutory damages without an evidentiary hearing).

Accordingly, an award of $750 is appropriate, and an evidentiary hearing is not necessary.

1   Cf. Cobbler Nevada, LLC v. Shaffer, No. 3:15-CV-01233-SB, 2016 WL 6821145 (D. Or. Oct. 26,
2   2016), report and recommendation adopted, No. 3:15-CV-01233-SB, 2016 WL 6824375 (D. Or.
3   Nov. 17, 2016) (awarding $750 to Plaintiff Cobbler Nevada LLC without evidentiary hearing);
4   Cobbler Nevada, LLC v. Ronne, No. 3:15-CV-01230-SB, 2016 WL 6821144 (D. Or. Oct. 26,
5   2016), report and recommendation adopted, No. 3:15-CV-01230-SB, 2016 WL 6824378 (D. Or.
6   Nov. 17, 2016) (same); Cobbler Nevada, LLC v. Osier, No. 3:15-CV-00828-SB, 2016 WL
7   6211735 (D. Or. Oct. 3, 2016), report and recommendation adopted, No. 3:15-0828-SB, 2016 WL
8   6211270 (D. Or. Oct. 24, 2016) (same).

## IV.  CONCLUSION

For the reasons discussed above, the Court recommends that judgment be entered in Plaintiff's favor and against Defendant in the amount of $750.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated:  December 16, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge